### DALLECK v. DUVAL CO.

(Supreme Court, Appellate Term. May 27, 1912.)

MUNICIPAL CORPORATIONS (§ 706*)—ACCIDENT ON STREET—NEGLIGENCE OF DEFENDANT.

Evidence in an action for the value of a horse claimed to have been killed by defendant's negligence *held* insufficient to sustain a verdict for the plaintiff.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1518; Dec. Dig. § 706.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Moses Dalleck against the Duval Company. From a judgment of the Municipal Court of the City of New York in favor of the plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed, and new trial granted.

Argued May term, 1912, before SEABURY, LEHMAN, and PAGE, JJ.

Kelley & Connelly, of New York City (M. E. Kelley and C. S. Lorentzen, both of New York City, of counsel), for appellant.

Breitbart & Breitbart, of New York City (Bernard Breitbart, of New York City, of counsel), for respondent.

LEHMAN, J. The plaintiff has recovered a judgment for the value of a horse which he claims was killed by the negligence of the defendant. The testimony of the happening of the accident is not very satisfactory; but, even if we accept as true the testimony most favorable to the plaintiff, I do not think that he has established that his horse was killed by any negligence of the defendant. At most, the testimony established that the defendant allowed his horse and a light runabout wagon to stand unattended and unattached in Chambers street; that plaintiff's horse pulling a one-horse truck loaded with 20 barrels suddenly fell some distance in front of defendant's horse; that defendant's horse started to run, and the front wheel of his light wagon passed over the neck of plaintiff's horse; and that plaintiff's horse died a few minutes thereafter. There is no dispute but that plaintiff's horse was pulling a heavy truck, and had on a heavy collar, and that defendant's wagon was a light unoccupied wagon. There is no evidence that the wagon crushed the neck of plaintiff's horse or left any mark. There is no evidence that the plaintiff's horse showed any signs that its neck was not broken before the wagon wheel ran

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

over it. It is quite impossible to claim any inference from these facts that plaintiff's horse was killed by defendant's wagon rather than by the fall.

Judgment should therefore be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.